# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# at COVINGTON

**Civil Action No. 17-119-HRW**

**ELIZABETH WATKINS,**                                                  **PLAINTIFF,**

v.           **MEMORANDUM OPINION AND ORDER**

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF SOCIAL SECURITY,**         **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits in April 2010, alleging disability beginning in April 2010, due to "carpal tunnel syndrome, back problems, shoulder problems, neck problems, leg problems, osteoarthritis, anxiety and depression" (Tr. 378). This application was denied initially and on reconsideration. In 2014, an Administrative Law Judge found Plaintiff not disabled under the Social Security Act (Tr. 199). She requested Appeals Council review; the Appeals Council found errors in the ALJ's evaluation of the medical source opinion evidence and remanded the case back to an ALJ for re-evaluation of that evidence (Tr. 219-21).

On remand, an administrative hearing was conducted by Administrative Law Judge Andrew Gollin (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, Connie O'Brien-Heckler, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 44 years on the date she alleges she became disabled. She has a high school education and her past relevant work experience consists of work as a sewing machine operator, server, extruder operator, injection molder and welder.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 14).

2

The ALJ then determined, at Step 2, that Plaintiff suffers from osteoarthritis, carpal tunnel syndrome of the bilateral hands, degeneration of the right and left shoulder joints, degenerative disc disease of the lumbar as well as cervical spines, radiculopathy, depression and anxiety, which he found to be "severe" within the meaning of the Regulations (Tr. 14).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 14-16).

The ALJ further found that Plaintiff could not return to her past relevant work but determined that she has the residual functional capacity ("RFC") to perform a range of light work except she could lift and carry only 15 pounds occasionally and 10 pounds frequently; stand and walk 30 minutes at a time for 6 hours total; sit 1 hour at a time 6 total; occasionally climb ramps, stairs, balance, stoop and crouch; no climbing of ladders, ropes, and scaffolds; never crawl or kneel; frequently reach with left arm; occasionally reach with right arm; occasionally reach overhead with left arm; no overhead reach with right arm; occasionally handle and finger bilaterally; frequently feel bilaterally; and, no exposure to concentrated vibration or hazards. Mentally, the ALJ found Plaintiff can understand, remember, and carryout detailed but not complex instructions; no fast production rate pace; occasional changes in work setting and duties with advance notice given of changes; occasionally interact with public with no transactional interaction such as sales and negotiation; and occasionally interact with coworkers and supervisors. (Tr. 16).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not comply with September 2015 remand order and (2) the ALJ improperly discounted the most recent opinion of Plaintiff's treating orthopedic surgeon, Richard Hoblitzell, M.D.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not comply with September 2015 remand order.

In its 2015 remand order, the Appeals Council found that the prior ALJ did not adequately explain why he rejected portions of Dr. Jagger's opinion with regard to Plaintiff's ability to reach in all directions, and remanded on that basis (Tr. 220). On remand, the Appeals Council ordered that the ALJ obtain additional evidence to complete the record in accordance with agency standards (citing 20 C.F.R. § 404.1512(b) (development of medical history)); **if necessary**, obtain medical expert testimony; reassess Plaintiff's residual functional capacity paying special attention to Dr. Jagger's opinion regarding Plaintiff's reaching abilities; and **if warranted**, obtain supplemental vocational expert testimony (Tr. 220) (emphasis added).

Plaintiff argues that the ALJ erred in not ordering an additional consultative examination, recontacting Dr. Jagger, or obtaining medical expert testimony.

The pertinent regulations require the ALJ to develop a complete medical history of a claimant and recontact a doctor or order a consultative examination only when there is insufficient evidence to reach a decision about disability. *See* 20 C.F.R. §§ 404.1512(b); 404.1520b( c). Indeed, the remand order reflects this exercise of discretion, directing the ALJ ro obtain additional evidence "if necessary" and "if warranted." *See Ferguson v. Comm'r of Soc.*

5

*Sec.*, 628 F.3d 269, 275 (6th Cir. 2010) ("The ALJ has discretion to determine whether additional evidence is necessary.").

In this case, the record is voluminous, containing 300 pages of medical evidence. Notably, it would appear that some of this evidence was, in fact, obtained by the ALJ after the 2014 administrative decision.

As for Dr. James Jagger, a treating source, in early 2014 he opined that Plaintiff could not repetitively lift more than 15 pounds; could not push or pull more than 15 pounds occasionally and 10 pounds frequently; and had limitations reaching in any direction, but did not further specify which directions and what those limitations were (Tr. 616).

The RFC is consistent with Dr. Jagger's suggested limitation - the ALJ limited Plaintiff to lifting and carrying 10 pounds frequently and 15 pounds occasionally. The ALJ also limited Plaintiff to frequently (rather than constantly) reaching with her right arm but only occasionally reaching overhead with her right arm and only occasionally reaching (including overhead) with her left arm.

However, notwithstanding that he credited Dr. Jagger's opinion in the RFC, the ALJ did not assign it controlling weight, finding that Dr. Jagger's opinion to be "vague" in that he merely wrote "yes" in response to the question "[d]oes the patient's condition cause limitations for reaching in any direction" (Tr. 616). The ALJ pointed out the lack of any explanation for his findings aside from writing "L Shoulder" on the form. *Id.* The ALJ concluded, on this basis, that the opinion less persuasive and not entitled to controlling weight (Tr. 20-21).

If the opinion of the treating physician as to the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic

6

techniques and is not inconsistent with other substantial evidence in [the] case record," then it will be accorded controlling weight. *Wilson*, 378 F.3d at 544. When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Id.*

In this case, the ALJ's decision to discount the opinion does not run afoul the "treating physician" rule as he determined the opinion lacked specificity. Even so, the ALJ's very restrictive residual functional capacity that limited Plaintiff's ability to lift, carry, and reach with both arms reflects that he did consider Dr. Jagger's opinion, as required by the remand order.

Plaintiff misconstrues the remand order by arguing that the ALJ was required to re-contact Dr. Jagger . Rather, the Appeals Council ordered the ALJ to "further evaluate" the opinion in accordance with agency policy "and explain the weight given to such opinion evidence." (Tr. 219-20). The Appeals Council stated that the ALJ "**may**" request Dr. Jagger and other treating sources to provide additional evidence and clarification (Tr. 220). In accordance with the Appeals Council's order (Tr. 11), the ALJ considered the opinion and gave it some weight (Tr. 20-21), per the legal principles cited *supra*. The Court finds no error in this regard.

Plaintiff's second claim of error is that the ALJ improperly discounted the most recent opinion of her treating orthopedic surgeon, Richard Hoblitzell, M.D.

In December 2015, Dr. Richard Hoblitzell, M.D., completed an opinion indicating that Plaintiff experienced pain often; did not need to use a cane or other device or elevate her legs; would need to lie down at unpredicted intervals; could stand and walk less than two hours total in

7

an eight-hour workday; could sit for at least six hours total in an eight-hour workday; could frequently lift five pounds, occasionally lift 10 pounds, and never lift 20 pounds; could never climb, balance, stoop, crouch, kneel, and crawl; that her ability to reach, handle, feel, push, and pull was affected by her impairments; that she had limitations on using foot controls with both of her feet; and that she would miss about three days of work per month (Tr. 757-58). In sum, Dr. Hoblitzell's opined that Plaintiff is unable to work in any capacity.

The ALJ found this opinion to be entitled to little weight. The ALJ must provide "good reasons" for discounting treating physicians' opinions, reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, at *5. He did precisely that. Specifically, the ALJ noted that Dr. Hoblitzell saw Plaintiff for neck pain but that his treatment notes from **one week** before he authored this opinion showed findings that were relatively benign, including that Plaintiff had a normal gait with intact sensation, full range of motion, intact strength, and stable legs. This inconsistency calls Dr. Hoblitzell's opinion of dire limitation into question. *See* 20 C.F.R. § 404.1527(c)(4) (stating an ALJ must consider consistency).

The ALJ also pointed out that Dr. Hoblitzell recommended physical therapy but Plaintiff never participated in regular therapy (Tr. 23).

Additionally, the ALJ pointed out that Dr. Hoblitzell noted that neurosurgeons of record had indicated that Plaintiff had no "definite surgical[ly] amenable problems" and that Plaintiff's neck and back pain (the reasons Dr. Hoblitzell gave for his restrictions) was primarily treated with anti-inflammatories, further detracting from a suggestion of total disability. (Tr. 23, *see* Tr.

8

762).

These are adequate and ample reasons for discounting Dr. Hoblitzell's opinion of extreme functional limitation.

To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed.)

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 25 day of April, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge